**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **100 McKnight LLC**, | Bankruptcy No. 25-19477 |
| Debtor. | Honorable Jacqueline P. Cox |

**NOTICE OF MOTION**

TO: See attached list.

   **Please take notice** that on **January 20, 2025, at 1:30 p.m.**, I will appear before the Honorable Jacqueline P. Cox, or any judge sitting in that judge's place **either** in courtroom 680 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, **or** electronically as described below, and present the **McKnight's Application to Employ Jeffrey K. Paulsen and Paulsen & Holtschlag LLC as Bankruptcy Counsel, Effective as of December 22, 2025**, a copy of which is attached.

   **Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

   **To appear by Zoom using the internet**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

   **To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

   **Meeting ID and passcode.** The meeting ID is 161 273 2896, and the passcode is 778135. The meeting ID and passcode can also be found on the judge's page on the court's web site.

   If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated: January 13, 2026

**100 McKnight LLC**

By: /s/ Jeffrey K. Paulsen
One of Its Proposed Attorneys

Jeffrey K. Paulsen (6300528)
Paulsen+HoltschlagLLC
1245 S. Michigan, No. 115
Chicago, IL 60605
Tel:     (847) 644-9385
Email: jpaulsen@ph-firm.com

—2—

## CERTIFICATE OF SERVICE

I, Jeffrey K. Paulsen,

☑ an attorney, certify

—or—

☐ a non-attorney, declare under penalty of perjury under the laws of the
United States of America

that I served a copy of this notice and the attached motion on each entity shown on
the attached list at the address shown and by the method shown on January 13,
2026. /s/ Jeffrey K. Paulsen

## SERVICE LIST

**Registrants**
(Service via ECF)

Adam G. Brief
Ustpregion11.es.ecf@usdoj.gov

Sandra A. Franco on behalf of Creditor A10 Commercial Mortgage Trust 2024-
FLSN1, LLC
saguilera@maslawllc.com

Jeffrey K. Paulsen on behalf of Debtor 1 100 McKnight LLC
jpaulsen@ph-firm.com, jpaulsen_418@ecf.courtdrive.com

Vanessa E. Seiler on behalf of Creditor A10 Commercial Mortgage Trust 2024-
FLSN1, LLC
vseiler@maslawllc.com

**Non-Registrants**
(Service via U.S. Mail)

See attached service list.

**Non-Registrant Service List**

| Name | Address 1 | Address 2 | Address 3 | Address4 |
|---|---|---|---|---|
| 100 McKnight LLC | 3930 N. Pine Grove, No. 602 | Chicago, IL 60613-5502 | | |
| 100 McKnight Owner LLC | Attn. Terry Blake | 1608 Northbrook Dr., Ste. 101 | Normal, IL 61761-5524 | |
| Alex Shaw | 1115 Ogelthorpe Ave. | Normal, IL 61761-5762 | | |
| Ameren Corp. | One Ameren Plaza | 1901 Chouteau Ave. | Saint Louis, MO 63103-3003 | |
| American Multi-Cinema Inc. | Attn. Lease Administration | 11500 Ash St. | Leawood, KS 66211-7804 | |
| Budd Street LLC | 1590 W. Algonquin Rd., #223 | Hoffman Estates, IL 60192-1575 | | |
| CITIZENS BANK N A | ATTN BANKRUPTCY TEAM | ONE CITIZENS BANK WAY | JCA115 | JOHNSTON RI 02919-1922 |
| F.E. Moran | 2265 Carlson Dr. | Northbrook, IL 60062-6797 | | |
| Fonzell King | 307 Labrador Lane | Normal, IL 61761-5638 | | |
| Golan Christie Taglia LLP | Attn. Brianna Golan | 70 W. Madison, Ste. 1500 | Chicago, IL 60602-4265 | |
| Harris & Harris Ltd. | PO Box 186 | Chicago, IL 60690-0186 | | |
| Hawley Troxell Ennis & Hawley LLP | Attn. Paula L. Kluksdal | 877 W. Main St., Ste. 200 | Boise, ID 83702-6030 | |
| Internal Revenue Service | P.O. Box 7346 | Philadelphia, PA 19101-7346 | | |
| Internal Revenue Service | Mail Stop 5014CHI | 230 S. Dearborn Street, Room 2600 | Chicago, IL 60604 | |
| Metronet | 3701 Communications Way | Evansville, IN 47715-8929 | | |
| Morgan Blake | PO Box 13 | Carlock, IL 61725-0013 | | |
| Nicholas Brinker | 3930 N. Pine Grove Ave., Apt. 602 | Chicago, IL 60613-5502 | | |
| Nicor Gas | 1844 Ferry Rd. | Naperville, IL 60563-9600 | | |
| Nicor Gas | PO Box 549 | Aurora, Il 60507-0549 | | |
| Sherman's Place Inc. | 1203 E. Marietta Ave. | Peoria Heights, IL 61616-6323 | | |
| Terry Blake | PO Box 13 | Carlock, IL 61725-0013 | | |
| Vernon L. Goedeke Company | 8000 Hall St., Bldg. 6 | Saint Louis, MO 63147-2444 | | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **100 McKnight LLC**, | Bankruptcy No. 25-19477 |
| Debtor. | Honorable Jacqueline P. Cox |

## MCKNIGHT'S APPLICATION TO EMPLOY JEFFREY K. PAULSEN AND PAULSEN & HOLTSCHLAG LLC AS BANKRUPTCY COUNSEL, EFFECTIVE AS OF DECEMBER 22, 2025

So that it can advance this chapter 11 bankruptcy case, 100 McKnight LLC ("McKnight") seeks to employ Jeffrey K. Paulsen and Paulsen & Holtschlag LLC (collectively, "Paulsen") as its bankruptcy counsel effective as of December 22, 2025, on the terms and conditions set forth herein, in the Engagement Letter appended hereto as Exhibit A and in the Declaration of Jeffrey K. Paulsen (the "Paulsen Declaration"), attached as Exhibit B.

### 1. BACKGROUND.

McKnight owns and serves as the property manager and asset manager for an 85-unit, 280-bed student housing apartment community located in Normal, Illinois, known as The Park at Constitution Trail Centre. McKnight filed this chapter 11 bankruptcy case on December 22, 2025, on an emergency basis due to actions taken by its mortgage lender, A10 Commercial Mortgage Trust 2024-FLSN1 LLC.

Specifically, on November 14, 2025, A10 filed a foreclosure complaint and a breach-of-contract complaint seeking remedies under its loan agreements with McKnight and its parent company, 100 McKnight Owner LLC. To preserve assets and ensure continuity of operations as McKnight works to resolve its dispute with

A10, McKnight chose to file this chapter 11 bankruptcy case.[1] McKnight remains in possession of its property and continues to operate and manage its affairs as debtor-in-possession pursuant to § 1107 of the Bankruptcy Code. So that the bankruptcy case can proceed efficiently, McKnight now seeks to employ Paulsen as its bankruptcy counsel.

## 2. DISCUSSION.

McKnight requests that this Court authorize Paulsen's employment on the terms and conditions set forth in this motion and in the Paulsen Declaration, effective as of December 22, 2025.

### 2.1.  The scope of the proposed retention.

McKnight requires counsel to represent it and its bankruptcy estate (the "Estate") in this case. Paulsen specializes in bankruptcy law and its professionals have experience representing debtors-in-possession and other parties in interest in chapter 11 cases. Thus, Paulsen is well-suited to serve as McKnight's bankruptcy counsel.

Under its proposed retention, Paulsen will provide various services to McKnight, including:

- Advising and consulting with McKnight with respect to its powers, rights, and duties as a debtor and debtor-in-possession;

- Attending meetings and negotiating with creditors, other parties-in-interest, and their respective representatives;

---

[1] On November 25, 2025, 100 McKnight Owner LLC filed its own chapter 11 case, which is pending before this court as case no. 25-18209. Paulsen has been approved as the bankruptcy counsel for 100 McKnight Owner LLC.

—2—

- Advising and consulting with McKnight on the conduct of the case, including all the legal and administrative requirements of operating under chapter 11 of the Bankruptcy Code;

- Taking all necessary action to protect and preserve the Estate, including but not limited to, prosecuting or defending all motions and proceedings on behalf of McKnight and the Estate;

- Preparing and filing, or defending, adversary proceedings or other litigation involving McKnight or its interests in property;

- Preparing motions, applications, answers, orders, reports, and other papers necessary to the administration of the case;

- Preparing and negotiating a plan and disclosure statement and all related agreements and/or documents, and taking any necessary action to obtain confirmation of a plan; and

- Performing other necessary legal services and providing other necessary legal advice that McKnight requires connection with the case.

## 2.2. Paulsen is disinterested and has no adverse interest.

A debtor-in-possession may employ, with the court's approval, one or more attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a). Thus, any professional must (a) be disinterested and (b) not hold or represent an interest adverse to the estate.

A disinterested person is a person that: (a) is not a creditor, equity holder, or insider; (b) has not been an officer, director, or employee of the debtor within the last two years; and (c) does not have an interest materially adverse to the estate.

—3—

See 11 U.S.C. § 101(14). The third prong has been considered duplicative of the no-adverse-interest requirement already found in § 327(a). *See Bank Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 628–29 (2d Cir. 1999).

Based upon the Paulsen Declaration, McKnight believes that Paulsen does not hold or represent an interest adverse to McKnight or the Estate, that it is a disinterested person within the meaning of § 327(a), and that pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, Paulsen does not have any connections with McKnight, its creditors, the United States Trustee or any person employed in the office of the United States Trustee, any other party in interest, or their respective attorneys or accountants other than as disclosed herein or in the Paulsen Declaration. Moreover, Paulsen—both the company and the individual—are not insiders of McKnight, and they do not hold a claim against McKnight. Additionally, Paulsen is not and has never been McKnight's employee.

McKnight paid Paulsen a $25,000 advanced payment retainer in this matter on October 31, 2025. That initial retainer was partially applied to pre-bankruptcy work, including advising McKnight in its dispute with A10. Paulsen is currently holding an advanced payment retainer of $20,440.

Paulsen also represents McKnight's parent, 100 McKnight Owner LLC, in connection with its own chapter 11 filing. Paulsen entered into this engagement as co-counsel with William J. Factor and FactorLaw, where Paulsen individually was once a partner. Paulsen anticipates that Factor will seek employment by separate application.

Under the facts as described herein and in the Paulsen Declaration, McKnight believes that Paulsen's retention satisfies all the applicable statutory standards enumerated above.

—4—

McKnight further requests that this employment be approved effective as of December 22, 2025. Paulsen is seeking retroactive employment so that it can seek, under §§ 330 and 503(b) of the Bankruptcy Code, compensation for fees and expenses incurred prior to entry of an order approving Paulsen's employment. The Seventh Circuit has held that under appropriate circumstances, a court may retroactively approve the employment of professionals who render services for a debtor even absent strict compliance with § 327 of the Bankruptcy Code. *See In re Singson*, 41 F.3d 316, 319 (7th Cir. 1994).

Here, retroactive employment is appropriate. Prior to presentment of this application, Paulsen has and will continue to expend effort to advance McKnight's chapter 11 case. Therefore, McKnight submits that appropriate circumstances exist for authorizing retroactive employment.

### 2.3. Paulsen's compensation.

Subject to this Court's approval and in accordance with §§ 327 and 330 of the Bankruptcy Code, McKnight requests that Paulsen be compensated on an hourly basis in accordance with its ordinary and customary hourly rates for work of this nature and be reimbursed for the actual, necessary expenses it incurs. The hourly rates applicable to the attorneys and professionals expected to represent McKnight are as follows:

| Professional | Title | Hourly Rate |
|---|---|---|
| Jeffrey K. Paulsen | Member | $400 |
| Ariane Holtschlag | Member | $400 |

Paulsen maintains detailed and contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services contemplated herein by category and nature of the services rendered.

—5—

Paulsen understands that any and all compensation for legal services rendered on McKnight's behalf shall be subject to Court approval, after notice and hearing, and in accordance with applicable sections of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and local rules and procedures of this Court.

As set forth in the Paulsen Declaration, Paulsen has not entered into any arrangement to share such compensation as it may be awarded herein except as permitted under § 504(b) of the Bankruptcy Code. None of Paulsen's attorneys is a relative of the bankruptcy judge assigned to the case or any person employed by the Office of the United States Trustee.

**Wherefore**, McKnight respectfully request that the Court enter an order, substantially like that attached to this application, authorizing it to employ Paulsen as its bankruptcy counsel in the case on the terms and subject to the conditions set forth herein and in the Engagement Letter and Paulsen Declaration, effective as of December 22, 2025, and granting such further relief as is appropriate under the circumstances.

Dated: January 13, 2026     Respectfully submitted,

                **100 McKnight LLC**

                By: /s/ Jeffrey K. Paulsen
                One of Its Proposed Attorneys

Jeffrey K. Paulsen (6300528)
Paulsen+HoltschlagLLC
1245 S. Michigan, No. 115
Chicago, IL 60605
Tel: (847) 644-9385
Email: jpaulsen@ph-firm.com

# EXHIBIT A



**Paulsen✚HoltschlagLLC**

October 31, 2025

Via Email
Nicholas Brinker
100 McKnight LLC
100 McKnight Owner LLC
3930 N. Pine Grove, Apt. 602
Chicago, IL 60613

Re: Engagement Letter

Dear Mr. Brinker:

Thank you for considering Paulsen & Holtschlag LLC ("*P+H*") to provide legal assistance to 100 McKnight LLC and 100 McKnight Owner LLC (collectively, "*Client*") as co-counsel with FactorLaw in connection with a chapter 11 case in the United States Bankruptcy Court for the Northern District of Illinois (the "*Engagement*"). P+H is pleased to represent Client in this Engagement, subject to the following terms and conditions. If you agree to these terms and conditions, please sign this engagement letter on the last page and return a signed copy to me. The Engagement will not commence until you have signed and returned the engagement letter and the retainer discussed below.

1.    **Limited Scope.** The Engagement does not include the representation of Client in any matters other than the Engagement, although the Engagement may be expanded in a writing signed by P+H to include additional Engagements.

2.    **Retainer.** In order to commence the Engagement, the Firm requires a $25,000 advance payment retainer. An advance payment retainer is advantageous to you because of the nature of the Engagement. These funds become the property of the Firm as soon as the funds are transferred to the Firm and will be available up to the balance of the retainer in the event you are unable to transfer

additional funds to the Firm to pay for legal services. These funds will not be held in a client trust account, but rather will be deposited in the Firm's account at JPMorgan Chase. In the event that a portion of the $25,000 retainer, or a portion of any subsequent retainer, remains unused after termination of the Firm's representation of you, such funds will be returned as appropriate. By signing this Engagement Letter, you agree you have been advised of the choice of what type of retainer to employ and has agreed to an advance payment retainer.

P+H understands that you are wiring $50,000 to FactorLaw, half of which is intended to be the $25,000 retainer discussed in this agreement.

3.      **Fees.** Fees for the Engagement will depend upon the number of hours expended by P+H personnel on the Engagement, multiplied by the applicable hourly rate for each professional working on the Engagement. At present, the customary rate for Jeffrey Paulsen and Ariane Holtschlag is $400 per hour. Rates are reviewed periodically and are subject to change.

It is not possible to determine with any degree of precision the total fees and other charges that you are likely to incur in the Engagement. Thus, any estimate of total fees always carries the understanding that, unless we agree otherwise in writing, it does not represent a maximum, minimum, or fixed-fee quotation. The ultimate cost frequently is more or less than the amount estimated and often is a function of matters outside of our control, particularly when litigation is involved.

4.      **Expenses.** P+H also charges for actual out of pocket expenses advanced on your behalf. P+H generally limits out-of-pocket expenses to costs that would not have been incurred but for P+H's work on your behalf. P+H does not charge for routine facsimile, telephone, and computerized legal research within the scope of P+H's subscription to LEXIS.

5.      **Billing and Payment.** Before a bankruptcy case is filed, P+H will endeavor to bill you on a regular basis—normally, each month—for both fees and expenses. After a bankruptcy case is filed, P+H understands that it will have to prepare and file with the Bankruptcy Court fee applications seeking the allowance and payment of fees and expense incurred on your behalf, and P+H will endeavor to do so on a regular basis. You agree that the Firm has the right to apply the retainer to any approved fees and expenses and you also agree that you

—2—

will pay any fees and expenses in excess of the retainer balance within 15 days. If any portion of the retainer remains unused at the end of the Engagement, that will give rise to a right to a refund.

If Client's account becomes delinquent and satisfactory payment terms are not arranged, we may withdraw, or seek to withdraw, from the Engagement consistent with the applicable rules. Client will remain responsible for payment of our legal fees rendered and charges incurred prior to such withdrawal.

6.      **Professional Judgment.** At all times P+H and its attorneys will endeavor to represent Client zealously and act on Client's behalf to the best of our ability. Whenever P+H provides Client with an expression regarding the potential outcome of a matter, we will use our best professional judgment. However, we cannot guarantee the outcome of any matter or issue. Any expression of our professional judgment regarding the Engagement or the potential outcome is, of course, limited by our knowledge of the facts and based on the law at the time of expression. It is also subject to any unknown or uncertain factors or conditions beyond our control. Any expressions of judgment or views are limited solely to you and may not be shared with any other entity, nor may any other entity rely upon such expressions.

7.      **Illinois Law.** This agreement will be construed and interpreted in accordance with the laws of the State of Illinois. Client and P+H agree that any court action between the parties to enforce the terms of this agreement or resolve any dispute related to this agreement will be initiated solely in the state or federal courts with jurisdiction for or over Cook County, Illinois.

8.      **Termination of Representation.** Client may terminate our representation at any time, with or without cause, by notifying us and subject to court approval when required for matters in litigation. We will return Client's papers and other property promptly upon receipt of a request for those materials unless they are appropriately subject to a lien under applicable law. We will retain our own files pertaining to the Engagement, including our drafts, notes, internal memos, and work product as permitted by applicable law. Please note that we generally try to maintain electronic files only and that hard copies of most, if not all, documents are not maintained in a file. Client's termination of our services will not affect your responsibility for payment for legal services rendered and other charges incurred before termination and in an orderly transition of the matter.

9.     **Conclusion of Representation.** When we complete the services for which you have retained us, that is, the Engagement, our attorney-client relationship for that matter will be terminated. If Client later retains us to perform further or additional services, our attorney-client relationship will be revived subject to these terms of engagement unless we change the terms in writing at that time.

**Paulsen+HoltschlagLLC**

Very truly yours,

Jeffrey K. Paulsen

Agreed this _31_ day of _OCTOBER_, 2025, by:

**100 McKnight LLC**

By: _____
Nicholas A. Brinker, its Manager

**100 McKnight Owner LLC**

By: _____
Nicholas A. Brinker, its Manager

—4—

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **100 McKnight LLC**, | Bankruptcy No. 25-19477 |
| Debtor. | Honorable Jacqueline P. Cox |

### DECLARATION OF JEFFREY K. PAULSEN IN SUPPORT OF MCKNIGHT'S APPLICATION TO RETAIN JEFFREY K. PAULSEN AND PAULSEN & HOLTSCHLAG LLC AS BANKRUPTCY COUNSEL, EFFECTIVE AS OF DECEMBER 22, 2025

I, Jeffrey K. Paulsen, hereby state under penalty of perjury as follows:

1. I am an attorney duly licensed and authorized to practice law, and I am a member in good standing of the Bar of the State of Illinois and the United States District Court for the Northern District of Illinois. My ARDC No. is 6300528. I submit this declaration in support of the entry of an order authorizing the retention of myself and Paulsen & Holtschlag LLC (collectively, "Paulsen") as counsel for 100 McKnight LLC in the captioned case. This declaration also is being submitted pursuant to 11 U.S.C. §§ 327(a), 328(a) and 329 and to comply with 11 U.S.C. § 504 of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

2. I have experience and knowledge in bankruptcy law and related fields, and I believe that Paulsen's attorneys are well-qualified to serve as counsel for McKnight.

3. McKnight and its parent, 100 McKnight Owner LLC, paid Paulsen a $25,000 advanced payment retainer in this matter on October 31, 2023. That initial retainer was partially applied to pre-bankruptcy work, including advising McKnight in its dispute with A10 Commercial Mortgage Trust 2024-FLSN1 LLC. Paulsen is

currently holding an advanced payment retainer of $20,440. Paulsen has not received any other compensation from McKnight or any other person either prior to or during the case.

4. An engagement letter between McKnight and Paulsen setting forth the terms of Paulsen's employment in this chapter 11 proceeding is attached as Exhibit A to the application to employ Paulsen.

5. In connection with this declaration, I have reviewed the current list of McKnight's creditors to determine if Paulsen has any relationships with those entities. At this time, Paulsen does not have any connections to the creditors.

6. Paulsen also represents McKnight's parent, 100 McKnight Owner LLC, in connection with its own chapter 11 filing, which is pending before this court as case no. 25-18209.

7. Paulsen entered into this engagement as co-counsel with William J. Factor and FactorLaw, where I was once a partner. I anticipate that Factor will seek employment by separate application.

8. Based upon the above review, to the best of my knowledge, information and belief, and except as set forth herein, Paulsen qualifies as a "disinterested person," as that term is defined under § 101(14) of the Bankruptcy Code in that Paulsen (a) is not a creditor, an equity security holder, or an insider, of McKnight, (b) is not, and was not within two years before the date of the filing of the petition, a director, officer, or employee of McKnight, and (c) does not have an interest materially adverse to the interest of McKnight's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to or connection with McKnight or for any other reason.

9. Ariane Holtschlag is member of Paulsen & Holtschlag LLC and a panel trustee for the Northern District of Illinois. Paulsen has represented Holtschlag as

—2—

trustee in multiple matters and also frequently represents other panel trustees in bankruptcy matters.

10.     To the best of my knowledge, Paulsen does not have any other connections with the United States Trustee, or any person employed in the office of the United States Trustee, nor is any person connected with Paulsen a relative of the bankruptcy judge assigned to the case.

11.     Paulsen has not entered into any arrangement to share any compensation that may be awarded by the Court, except as permitted under § 504(b) of the Bankruptcy Code.

12.     Pursuant to Bankruptcy Rule 2016(b), neither Paulsen nor its professionals have entered into any agreements, express or implied, with any other party in interest, including McKnight, any creditor in the case, or any attorney for a party in interest in the case: (a) for the purpose of sharing or fixing fees or other compensation to be paid to any such party in interest or its attorneys for services rendered; (b) for payment of compensation from the assets of the estate in excess of the compensation allowed by this Court pursuant to applicable sections of the Bankruptcy Code; or (c) for payment of compensation in connection with the case other than in accordance with the applicable sections of the Bankruptcy Code and as disclosed herein.

Dated: January 13, 2026                          /s/ Jeffrey K. Paulsen

—3—